# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIC JOSEPH DAVIS, <br><br> Petitioner, <br><br> v. <br><br> STATE OF UTAH, <br><br> Respondent. | **MEMORANDUM DECISION & ORDER TO SHOW CAUSE** <br><br> Case No. 2:18-cv-893-DB <br><br> District Judge Dee Benson |

Petitioner, Eric Joseph Davis, petitions for federal habeas-corpus relief. 28 U.S.C.S. § 2254 (2019). The petition has been screened as required by Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts, which states, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." *See also Kilgore v. Attorney Gen.*, 519 F.3d 1084, 1089 (10th Cir. 2008) (holding Rule 4 allows district court to *sua sponte* dismiss habeas petition if its untimeliness is "clear from the face of the petition itself"); *accord Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

Based on that screening, the Court concludes that Petitioner's habeas petition appears to be time-barred under the federal period of limitation and orders Petitioner to show cause why the petition should not therefore be dismissed.

## BACKGROUND

- 12/20/10   Petitioner sentenced to two five-to-life terms, after state felony convictions.

- 9/19/13   Convictions affirmed. *State v. Davis*, 2013 UT App 228, ¶ 1.

- 2/25/14   Petition for certiorari denied. (Pet., Doc. No. 1, at 2-3 (citing 20131040-SC).)

- 1/14/15   Filing of state post-conviction-relief petition. (*Id.* at 3 (citing 150900252).)

- 1/9/17   State post-conviction-relief petition denied. (*Id.*)

- 3/8/17   Denial of state post-conviction relief affirmed by Utah Court of Appeals. (*Id.* at 8 (citing 20170039-CA).)

- 11/21/17   Petition for certiorari denied by Utah Supreme Court regarding Utah Court of Appeals's affirmance of denial of state post-conviction relief. (*Id.* (citing 20170760-SC).)

- 11/13/18   Federal habeas-corpus petition filed.

## ANALYSIS

Federal statute puts a one-year limitation period on filing of a habeas-corpus petition. 28 U.S.C.S. § 2244(d)(1) (2019). The period begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. A state judgment becomes final when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *Locke v. Saffle*, 237 F.3d 1269, 1271-72 (10th Cir. 2001).

"The one-year period of limitation for filing a federal habeas petition is tolled or suspended during the pendency of a state application for post-conviction relief properly filed

during the limitations period." *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C.S. § 2244(d)(2) (2019)). A "state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.'" *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (quoting *Carey v. Saffold,* 536 U.S. 214, 220 (2002)); *see also Fisher v. Raemisch*, 762 F.3d 1030, 1032 (10th Cir. 2014). Once the post-conviction case ends in state court, the one-year limitation period begins to run again.

Tolling, however, does not revive the limitations period--i.e., restart the clock at zero. It serves only to suspend a clock that has not already run. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001); *see also Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003). Thus, any time between when a petitioner's direct appeal becomes final and when he files his petition for state post-conviction relief is counted in the limitations period. Moreover, any time between when the state post-conviction action concludes and before a petitioner's habeas petition is filed also counts toward the limitations period because state-collateral review only pauses the one-year period; it does not delay its start. *See McMonagle v. Meyer*, 766 F.3d 1151, 1159 (9th Cir. 2014) (J. Rawlinson, dissenting) ("Although filing of collateral proceedings may toll the running of the limitations period, it does not affect commencement of the running of the limitations period.").

In other words, time elapsing after a petitioner's conviction becomes final on direct review, but before a state post-conviction petition is filed, and time after final disposition of the petitioner's post-conviction proceedings, but before the filing of the federal habeas petition, *aggregate* to count against the one-year-limitation period. *See Sutton v. Cain*, 722 F.3d 312, 316 n.6 (5th Cir. 2013) ("To calculate when the limitations period has run, we aggregate the time

between (i) the date the petitioner's conviction became 'final' and the date the petitioner filed his state [post-conviction] application; and (ii) the date the state [post-conviction] process concluded and the date the petitioner filed his federal habeas petition.").

Petitioner was convicted in 2010. The Utah Court of Appeals affirmed his convictions, *Davis*, 2013 UT App 228, ¶ 1, and the Utah Supreme Court denied certiorari on February 25, 2014. (Pet., Doc. No. 1, at 2-3 (citing 20131040-SC).) Petitioner then had ninety days to seek certiorari review from the United States Supreme Court, s*ee* Sup. Ct. R. 13.1, but did not. Thus, Petitioner's judgment of conviction became final--and the limitation period began to run--on May 26, 2014. *See Clay*, 537 U.S. at 527. After 233 days of the limitations period had expired, on January 14, 2015, Petitioner appears to have properly filed a state post-conviction petition, tolling the running of the limitation period. (Pet., Doc. No. 1, at 3 (citing 150900252).); *see* 28 U.S.C.S. § 2244(d)(2) (2019). The state district court denied post-conviction relief. (Pet., Doc. No. 1, at 3 (citing 150900252).) The Utah Court of Appeals affirmed. (*Id*. at 8 (citing 20170039-CA).) The Utah Supreme Court denied certiorari review on November 21, 2017. (*Id*. (citing 20170760-SC).)

The denial ended Petitioner's state post-conviction action and tolling of the limitation period. But because only 132 days of the period remained, Petitioner had until just April 2, 2018 to timely file his petition. He did not file it until November 13, 2018--over seven months too late.

## CONCLUSION

Petitioner's habeas petition was filed over seven months after it was due. Accordingly, the Court concludes that dismissal of Petitioner's habeas petition appears warranted.

4

**IT IS THEREFORE ORDERED** that within thirty days Petitioner must SHOW CAUSE why this petition should not be dismissed for untimely filing.

DATED April 9th, 2019.

BY THE COURT

_____
JUDGE DEE BENSON
United States District Court