# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIC JOSEPH DAVIS,<br><br>      Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>      Respondent. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:18-cv-893-DB<br><br>District Judge Dee Benson |

On April 9, 2019, the Court ordered Petitioner to show cause why his federal habeas petition, 28 U.S.C.S. § 2254 (2019), should not be dismissed as untimely. The Order analyzed the chronology of Petitioner's state-court proceedings through this petition's filing, against the federal statute setting a one-year limitation period on filing habeas-corpus petitions. 28 *id*. § 2244(d)(1).

The Order explained that the limitation period starts when the state appeal process ends--here, May 26, 2014--and state post-conviction actions toll the period. *Id*. § 2244(d)(2). After 233 days had passed, on January 14, 2015, Petitioner invoked tolling by filing a state post-conviction action. Once that case was pursued through the Utah Supreme Court, when certiorari review was denied on November 21, 2017, (Pet., Doc. No. 1, at 3 (citing 20170760-SC)), the limitation period triggered again with 132 days left. Petitioner thus had until April 2, 2018 to file his

federal petition, which he filed with this court on November 13, 2018--more than seven months late.

In his response, (Doc. No. 4), Petitioner counters that, because his trial and appellate counsel were the same in his state criminal proceedings, he could not raise ineffective assistance of counsel until his post-conviction petition. Therefore, he argues, the period of limitation could not start running until that application process was completed. But that is incorrect.

As the Court's Order stated, the limitation period was triggered by the end of his direct appeal process. Ineffective assistance of trial and appellate counsel claims were, at that moment, available to be challenged in post-conviction proceedings. He waited 233 days to file his state action; then, after the state post-conviction case had run its course, he waited another 357 days to file his federal petition. Like any other federal habeas litigant, once his claims accrued, Petitioner had a full 365 days outside any state process to file a federal petition. However, Petitioner went 225 days beyond the limitation period. Dismissal is thus required.

## MOTION FOR APPOINTED COUNSEL

Petitioner has no constitutional right to appointed *pro bono* counsel in this civil action. *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998). Furthermore, with no evidentiary hearing required, he has no statutory right to counsel. *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts. However, the Court may appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition. *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2019).

Having reviewed the case docket, the Court concludes that justice does not require appointed counsel. First, Petitioner has not asserted any colorable claims. *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Second, Petitioner has shown "ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. Finally, the issues are "straightforward and not so complex as to require counsel's assistance." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343.

## CERTIFICATE OF APPEALABILITY

The Court considers whether to issue a certificate of appealability (COA). *See* R.11, Rs. Governing § 2254 Cases in the United States District Courts ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant.").

When a habeas petition is denied on procedural grounds, as this one is, a petitioner is entitled to a COA only if he shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C.S. § 2253 (2018)). Petitioner has not made this showing.

**ORDER**

**IT IS ORDERED** that Petitioner's motion for appointed counsel is **DENIED**, (Doc. No. 2); the petition is **DISMISSED**, (Doc. No. 1), and a certificate of appealability is **DENIED**.

DATED this 4th day of June, 2019.

BY THE COURT

_____
JUDGE DEE BENSON
United States District Court